J-S43017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HELEN JEAN COSME | |
| Appellant | No. 1325 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2019
In the Court of Common Pleas of Armstrong County
Criminal Division at No: CP-03-CR-0000390-2018

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HELEN JEAN COSME | |
| Appellant | No. 1326 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2019
In the Court of Common Pleas of Armstrong County
Criminal Division at No: CP-03-CR-0000389-2018

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HELEN JEAN COSME | |
| Appellant | No. 1327 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2019

In the Court of Common Pleas of Armstrong County
Criminal Division at No: CP-03-CR-0000388-2018

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    FILED JANUARY 21, 2021

Appellant, Helen Jean Cosme, appeals from the March 26, 2019 judgments of sentence imposing an aggregate 12 to 24 months of incarceration for three counts[1] of delivery of a controlled substance.[2] We affirm.

The trial court recited the pertinent facts in its memorandum of July 25, 2019:

> [Appellant] was involved in controlled drug buys on February 15, February 18, and February 26, 2018 with a confidential informant ("CI"). The CI was later identified as Matthew Puz ("Puz"). In each instance, the CI was given prerecorded funds in order to purchase cocaine from [Appellant]. Pursuant to Pa.R.Crim.P. 582 the Commonwealth requested the cases be joined. A jury trial was held on January 15, 2019, wherein the jury found [Appellant] guilty on the abovementioned charges.
>
> The testimony presented was that on three occasions Puz purchased a controlled substance from [Appellant]. Twice she was outside of her residence, and one time near her mother's residence. Prior to, and after each controlled buy, Puz was strip-searched and there was a thorough search of his vehicle as well. Puz stated that his involvement as a CI was out of concern for [Appellant's] health. During his cross-examination, [Appellant's] counsel asked, 'None of this was because [Appellant] has

_____

[1]  Appellant took a separate appeal at each of the three docket numbers captioned above. This Court consolidated the appeals sua sponte.

[2]  35 P.S. § 780-113(a)(30). The trial court imposed no further penalty on various other offenses.

indicated that she might be a witness against you in an upcoming civil matter?' Puz denied the assertion.

Detectives Koprivnak and Pitzer of the Armstrong County Narcotics Enforcement Team ('ARMNET') both testified to their involvement during the controlled buys in February 2018. Most relevant to the instant motion, both detectives testified that they were able to observe Puz during his interactions with [Appellant] on the days in question. Both detectives identified [Appellant] in court. Further, both were consistent in their testimony as to the procedure for working with a CI before and after a controlled buy operation. [...]

[Appellant] testified on her own behalf. She denied the allegations that she offered to sell or furnished any drugs to Puz. When asked why he would make such statements she responded, 'I am testifying against him in a civil suit against AAAA [tire company] ... that is why we weren't talking. And then we started talking again and he knew I was still testifying.' On cross-examination, [Appellant] conceded that the incident in the underlying civil suit took place about three years prior. She further stated she did not know the lawyer for AAAA Tire nor had she been deposed. Matthew Puz was called again to testify. He acknowledged that there was an active lawsuit against AAAA Tire. However, he denied knowing that [Appellant] was a potential witness against him or that he made any statements to her contradicting his lawsuit.

Trial Court Opinion, 7/25/19, at 2-3.

The jury found Appellant guilty of delivery of a controlled substance and related offenses on January 15, 2019. The trial court imposed sentence on March 26, 2019, and Appellant filed a timely post-sentence motion challenging, among other things, the weight of the evidence, on April 5, 2019. The trial court denied Appellant's motion on July 25, 2019, and this timely appeal followed.

Appellant challenges the weight and sufficiency of the evidence in support of the jury's verdict. Both arguments rest on the credibility of Matthew Puz. We observe that a challenge to witness credibility is a challenge to the weight, not sufficiency, of the evidence. Commonwealth v. Gibbs, 981 A.2d 274, 281-82 (Pa. Super. 2009) appeal denied, 3 A.3d 670 (Pa. 2010). Thus, Appellant has failed to present any pertinent argument in support of his challenge to the sufficiency of the evidence.[3] In substance, both of his arguments address the weight of the evidence.

The applicable standard of review is well settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

_____

[3] In his Pa.R.A.P. 1925(b) statement, Appellant stated, "[T]he verdict against [Appellant] was contrary to the evidence and/or contrary to the weight of the evidence, in that it was the result of a corrupt and polluted source, to wit, the confidential informant." Appellant's Pa.R.A.P. 1925(b) Statement, 2/19/20, at ¶ 1. While the rules of Criminal Procedure permit raising sufficiency of the evidence argument on appeal (Pa.R.A.P. 606(A)(7)), the appellant's concise statement must specify the element or elements of the offense that the Commonwealth failed to prove. Commonwealth v. Garland, 63 A.3d 339, 344 (Pa. Super. 2013). Appellant, in addition to failing to present a proper sufficiency of the evidence argument in his brief, failed to preserve it in his Pa.R.A.P. 1925(b) statement.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

Commonwealth v. McClelland, 204 A.3d 436, 447, appeal denied, 217 A.3d 214 (Pa. 2019).

The trial court explained that the Commonwealth presented the testimony of two detectives who observed the controlled buys, and therefore Appellant's conviction did not rest entirely on the testimony from Puz. Trial Court Opinion, 7/25/19, at 6. Furthermore, the jury was aware of Appellant's allegation that she would be a witness against Puz in a pending civil case. Id. Appellant does not contest these facts. In essence, he argues that the jury was wrong to credit Puz's testimony. Given the evidence of record, the trial court concluded that the jury's verdict was not contrary to the weight of the evidence, and that no new trial was necessary. We agree. The record contains the testimony of two detective eyewitnesses in addition to Puz's eyewitness account, and there was evidence to dispute Appellant's claim that she was to be a witness against Puz in a pending civil claim. Thus, Appellant's conviction

did not rest in entirely on Puz's testimony, and it was well within the province of the jury to find Puz credible. We discern no abuse of discretion in the trial court's decision not to grant Appellant a new trial based on his weight of the evidence challenge.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2021